## In re PREMPRO PRODUCTS LIABILITY LITIGATION

### Carol J. Hess

v.

### Wyeth, Inc., D. Minnesota, C.A. No. 0:07–4567

### Garciana Manalo, et al.

v.

### Wyeth, et al., D. Minnesota, C.A. No. 0:07–4557.

### MDL No. 1507.

United States Judicial Panel on Multidistrict Litigation.

April 7, 2008.

See also 514 F.3d 825.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

## ORDER VACATING CONDITIONAL TRANSFER ORDERS

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Defendant Wyeth entities [1] in these two actions (*Hess* and *Manalo*) move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate the respective portions of our orders conditionally transferring *Hess* and *Manalo* to the Eastern District of Arkansas for inclusion in MDL No. 1507. Responding plaintiffs in *Manalo* oppose the motion to vacate the order with respect to their action. Plaintiff in *Hess* did not submit a response.

After considering all argument of counsel, we find that transfer of these two actions to the Eastern District of Arkansas would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time. Plaintiffs commenced *Hess* and *Manalo* in the District of Minnesota in November 2007, and

---

\* Judges Heyburn and Scirica took no part in the disposition of this matter.

1. Wyeth, Inc., with respect to *Hess*, and Wyeth, Wyeth Pharmaceuticals Inc., Wyeth–Ayerst International Inc., and Wyeth Pharma-

ceuticals, with respect to *Manalo*. Other pharmaceutical company defendants in *Manalo* did not submit a response to the motion to vacate with respect to that action.

simultaneously sought (unsuccessfully) to discontinue similar actions that they had filed in Pennsylvania state court in mid–2004. Like the federal actions, the state court actions involve claims arising from plaintiffs' use of hormone replacement therapy products, and plaintiffs have already had several years to litigate those claims in state court. Moreover, in light of those state court proceedings, the Wyeth defendants have moved the District of Minnesota court to dismiss or, in the alternative, to stay *Hess* and *Manalo* pursuant to the *Colorado River* doctrine. Given these somewhat unusual circumstances, we are persuaded that the motions to vacate should be granted.[2]

IT IS THEREFORE ORDERED that the Wyeth defendants' motions to vacate CTO–122 and CTO–123 are granted, insofar as those orders relate to these two actions.

**2.** We note that the federal *Manalo* action also involves defendants not named in the *Manalo* state court action. Those defendants are, of course, free to seek Section 1407 transfer to MDL No. 1507, if future developments in the federal action so warrant.